■ In the Matter of the Claim of JOHN BENENATI, Respondent, v. TIN PLATE LITHOGRAPHING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision of the Workmen's Compensation Board which awarded for disability due to thrombocytopenic purpura, found by the board to be an occupational disease contracted by claimant "by reason of the nature of his employment, which exposed him to volatile substances created by his use of paints, thinners, turpentine and acids in the washing down, coating and recoating of sheets of metal and a coating machine and also by his otherwise working in and around an area permeated by the noxious fumes." The medical experts are in agreement as regards the diagnosis; there seems to be no dispute as to the exposure described in the board's findings; and the issue arises upon appellants' contention that there is "no substantial evidence to support the finding that claimant contracted an occupational disease, thrombocytopenic purpura, by reason of the nature of the employment." Appellants' particular contention is that there was no substantial medical evidence relating the disease to the employment, and, more specifically, that although claimant's attending physician, Dr. Leone, a qualified hematologist, testified that claimant's occupation was a competent producing cause of the condition, "whatever probative force his answers might have is destroyed by his other testimony." We have concluded, contrary to this assertion, that the award is well supported by medical proof which we find substantial and satisfactory. Symptomatic black-and-blue marks first appeared after claimant had been working for appellant employer for more than a year; and all three medical witnesses found that the disease had its onset during the period of the employment, and, as appellants' expert said, "manifested itself while he was employed in an environment containing volatile substances". The disease is said to be of uncertain or unknown etiology but that fact alone would not bar a finding of occupational disease and disablement. (See, e.g., *Matter of Mosher* v. *Ruppert*, 26 A D 2d 862, mot. for lv. to app. den. 18 N Y 2d 583 [Heberden's nodes]; *Matter of Benware* v. *Benware Creamery*, 22 A D 2d 968, affd. 16 N Y 2d 966 [Raynaud's disease]; *Matter of Preusser* v. *Allegheny Ludlum Steel*

*Corp.*, 4 A D 2d 727, affd. 4 N Y 2d 773 [Kienbock's disease].) In his first report, Dr. Leone said that he could not "categorically state" that the condition was due to the exposure but, in view of claimant's condition, felt he should avoid further exposure and seek other employment. The doctor's next report, over a month later, specifically found causal relation. Testifying before a Referee as to causation of the disease generally, he said, "we are never absolutely certain"; but when asked whether in this case he could express his opinion of causation "with a reasonable degree of medical certainty", he said, "I would then say yes to that question." He said again that he would not "categorically state" his conclusion but also, and contrary to appellants' interpretation of his testimony, said that "volatile substances can and have in the past produced thrombocytopenic purpura" and in this case "could have." Medical evidence in terms of what was "possible" or what "could have" occurred is given respectable weight in context such as this (see, e.g., *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414, 415); but in any event, and as hereinbefore indicated, Dr. Leone's testimony was markedly stronger than that; and we find nothing in his candid and commendable reluctance to state his conclusion "categorically" or with "absolute certainty" which might be said, in appellants' words, to have "destroyed" the probative force of his basic opinions and conclusions. Appellants' argument is predicated on *Matter of Miller* v. *National Cabinet Co.* (8 N Y 2d 277, 283) in which it was found that the medical witness' testimony lost "all probative force" when it appeared on cross-examination that he was voicing "general expressions of opinion" only. Thus, the Court of Appeals said, his "admission * * * that he was not testifying whether the leukemia of this decedent was caused by exposure to benzol nullifies any inference that could possibly be drawn in favor of claimant." The *Miller* case seems to us inapposite and appellants' reliance thereon a mistaken one. Here, the expert testified with reference to claimant's condition and claimant's employment; and this on the basis of his attendance upon, and treatment of the claimant and of his knowledge of the disease and of at least some of its causes, including exposure to volatile substances. Thus the requirements of *Miller* were satisfied by the evidence that he gave with respect to claimant's condition, in particular, and with respect to the disease, in general, accompanied by his exposition of a sound and rational basis for his opinions concerning both. (*Matter of Miller* v. *National Cabinet Co., supra,* pp. 283, 284.) At least some additional support for the board's determination of causation is to be found in Dr. Milana's expressed opinion that claimant's exposure to volatile substances was "either bringing on this condition or aggravating it"; and, indeed, appellants' medical expert reported that "while it is known that exposure to volatile substances may cause it, I do not believe it is so in this instance." Appellants' additional contention relates to the form of the decision, but the language complained of does not constitute a finding, as appellants suggest, but a mere recital of certain evidence, and clearly indicates that it is exactly that, and this is followed by adequate findings and the decision proper (cf. *Matter of Ferreri* v. *General Auto Driving School*, 22 A D 2d 718). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.