John T. Casey, J.
In this article 78 proceeding petitioner seeks to set aside a determination made by the Commissioner of Education.
In September, 1967, petitioner was employed by the Board of Education of Union Free School District No. 23 in the Town of Oyster Bay, New York (herein Board) as a science teacher at the junior high school level. At the conclusion of that school year, petitioner requested a transfer as of September, 1968 from science to social studies. The request was granted by the Board and petitioner was employed as a social studies teacher at the junior high school level. Petitioner taught in that capacity for the 1968,1969 and 1970 school years. In March of 1971, the Board notified petitioner he would not be recommended for tenure.
Petitioner appealed the Board’s action to the respondent, Commissioner of Education, upon the ground that petitioner had served more than the statutory probationary period of three *472 years within a single tenure area and thus had acquired tenure by estoppel. The Board, on the other hand, argued that it had departmentalized its junior and senior high schools into four distinct tenure areas — English, science, mathematics and social studies. According to the Board when petitioner left science and began teaching social studies he entered a new tenure area. Consequently, petitioner was not employed in a single tenure area beyond the probationary period.
The respondent agreed with the Board and dismissed petitioner’s appeal. In his decision, the Commissioner noted that “ The concept of tenure area is a dynamic one, constantly changing to reflect changes in the administrative structure within a school system ”. The Commissioner agreed that traditionally the four subject tenure areas adopted by the Board had “ fallen within the aegis of general secondary tenure ”. Notwithstanding that pattern, however, the Commissioner determined that the school district was of ‘ ‘ sufficient size and administrative decentralization to warrant ” the Board’s fractioning the single tenure area into four separate tenure areas based upon course subjects.
The concept of area tenure was defined in Matter of Becker v. Board of Educ. (9 N Y 2d 111). In a case similar to the instant case, the Appellate Division, Third Department, interpreted the holding in Becker as follows: “‘Area tenure ’ is descriptive of tenure at certain grade levels, e.g., elementary, secondary, kindergarten, industrial arts, etc. and also to certain specified subjects including ‘ physical education, music, art and vocational subjects ’. Apart from these specified subjects, tenure is not available according to course subjects, but is only descriptive of grade level.” (Matter of Van Heusen v. Board of Educ., 26 A D 2d 721, 722; italics supplied).
Van Heusen is dispositive. The Board’s fractionalization of the secondary tenure area into four separate areas according to the course subjects of English, science, mathematics and social studies was erroneous. The petitioner served more than the probationary period in the secondary tenure area and thus acquired tenure by estoppel. (Matter of Becker v. Board of Educ., 9 N Y 2d 111, supra; see Matter of Monan v. Board of Educ., 280 App. Div. 14; cf. Matter of Agresti v. Buscemi, 34 A D 2d 983.)
Although the question of waiver was not considered by the Commissioner, it is doubtful whether petitioner could waive his tenure rights, inasmuch as such a waiver would be contrary to the public policy of this State expressed in the tenure statutes. (See Matter of Boyd v. Collins, 11 NY 2d 228, 233.)
*473 The determination of the Commissioner was arbitrary and capricious. (See Matter of Board of Educ. v. Nyquist, 36 A D 2d 199.) The matter is remitted to the respondent for further proceedings not inconsistent herewith. (Cf. Matter of Jadick v. Board of Educ., 15 NY 2d 652.)
Submit judgment.