■ In the Matter of THOMAS BAER, Respondent, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered June 27, 1972, which, in a proceeding pursuant to CPLR article 78, vacated and annulled decisions of the Commissioner of Education upholding the dismissal of petitioner from his position as a teacher. On September 1, 1967 the Board of Education of Union Free School District No. 23 of the Town of Oyster Bay, New York, hired respondent as a teacher of general science at the Junior High School level. On May 20, 1968 respondent requested that his teaching assignment be changed from general science to social studies. This request was granted effective September 1, 1968. Respondent taught in that capacity during the 1968–69 and 1969–70 school years. In the month of March, 1971 the board advised respondent that he had not been recommended for tenure. Respondent appealed the board's action to the Commissioner of Education asserting that he had served more than the three-year probationary period provided by statute, and had acquired tenure on or about September 1, 1970. The board asserted that it had established four different departments in its Junior and Senior High Schools, to wit: English, Science, Mathematics and Social Studies, and that each department constituted a distinct tenure area; that, when respondent transferred to a different department, he commenced a new probationary period leading to tenure, and as a result he had not served the required three-year probationary period necessary for tenure when advised of the board's decision in the month of March, 1971. The Commissioner agreed with the board stating " The concept of the tenure area is a dynamic one, constantly changing to reflect changes in the administrative structure within a school system. Tenure areas are created by administrative action at the school district level rather than by formal action of either the Commissioner of Education or the courts." The concept of tenure arises through legislative action, in this case section 3012 of the Education Law, which during the years in question provided for a three-year probationary period and a written report to the Board of Education by the Superintendent of Schools recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory. Since May, 1971, section 3012 provides for a five-year probationary period. The statutes on tenure do not make reference to tenure areas, and this concept has evolved over the years by determinations of the Commissioner and the courts. In *Matter of Van Heusen* v. *Board of Educ.* (26 A D 2d 721), petitioner contended that his tenure was that of a mathematics teacher rather than only a teacher. We then held petitioner's position as untenable stating, " His tenure since 1949 has been that of a ' secondary school teacher.' Furthermore the definition of tenure adopted by the Court of Appeals in Matter of *Becker* v. *Board of Educ.* (9 N Y 2d 111), is that of ' area tenure '. ' Area tenure ' is descriptive of tenure at certain grade levels, e.g., elementary, secondary, kinder-

garten, industrial arts, etc., and also to certain specified subjects including 'physical education, music, art and vocational subjects'. Apart from these specified subjects, tenure is not available according to course subjects, but is only descriptive of grade level." The Commissioner's contention that tenure areas are created by administrative action at the school district level is without merit. Section 3012 of the Education Law does not authorize the school districts to legislate and establish tenure areas by administrative action, nor does it authorize the Commissioner to establish tenure areas. Such power and authority was granted by the Legislature to the Board of Regents by section 207 of the Education Law. If changes in administrative structure indicate a need for a more limited tenure area, such change should be brought about by legislation or by a determination of policy or rule or regulation established by the Board of Regents. (Cf. *Matter of Boyd* v. *Collins,* 11 N Y 2d 228.) We, therefore, adhere to our determination in *Matter of Van Heusen* v. *Board of Educ. (supra)* which clearly defined " tenure areas ", and find that petitioner acquired tenure and may not be summarily dismissed without a hearing on charges. Judgment affirmed, with costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur. [71 Misc 2d 471.]