■   In the Matter of EVELYN LIVINGSTON, Also Known as EVELYN SHERMAN, Petitioner, v EWALD B. NYQUIST, as Commissioner of Education, et al., Respondents.—Proceeding initiated in this court, pursuant to subdivision 4 of section 6510 of the Education Law, to annul, modify and vacate a determination of the Commissioner of Education finding petitioner guilty of unprofessional conduct and suspending her license to practice nursing for a period of five years, but staying the execution of the last three years of that suspension and placing petitioner on probation for that period. Petitioner over the period of a year admittedly obtained large quantities of a controlled drug by the unauthorized and improper use of her father's Bureau of Narcotic and Dangerous Drug registration number and injected said drugs in patients as part of a weight reduction program without an order from a licensed physician and without maintaining medical records of "treatments". These actions could clearly be found to constitute unprofessional conduct, and it cannot be said that the punishment imposed by the commissioner is "so disproportionate to the offense * * * to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ., 34 NY2d 222, 233). We find no other basis to disturb the order of the commissioner. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.

■   In the Matter of the Claim of NADEZDA SLAVINSKA, Respondent, v TOLSTOY FOUNDATION NURSING HOME et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed April 10, 1975 and December 12, 1975, which held that claimant sustained an industrial accident resulting in disability for which an award of benefits was made. It is conceded that claimant, a cleaning woman, sustained a bilateral subdural hematoma and that she would be entitled to the compensation benefits awarded if this injury resulted from an industrial accident. The issue in dispute is whether the injury was caused when in March of 1971 she hit her head on a sink as she was cleaning the floor of the employer's premises or from a subsequent fall from bed and thus not in the course of employment. While the medical testimony and other evidence presented on this issue of causation is in this case contradictory and far from completely satisfactory, there is in the final analysis presented only a conflict of opinion which was for the board's resolution (e.g., Matter of Palermo v Gallucci & Sons, 5 NY2d 529; Matter of Montini v Marlin-Rockwell Div. of TRW, 50 AD2d 1017). The testimony of Dr. Fiedler, claimant's expert, cannot be said to lack sufficient probative force to provide substantial evidence to support the board's determination (e.g., Matter of Benenati v Tin Plate Lithographing Co., 29 AD2d 805). Decisions affirmed, with costs to the Workmen's Compensation Board. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.