■ Lloyd Matott, Respondent, v Charles L. Ward et al., Appellants.— Appeal from a judgment of the Supreme Court, entered November 17, 1977 in St. Lawrence County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Judgment affirmed, without costs. No opinion. Mahoney, P. J., Sweeney and Staley, Jr., JJ., concur.

Kane and Herlihy, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Plaintiff, a Deputy Sheriff of St. Lawrence County, was injured in an automobile accident on March 22, 1973 while operating a patrol car in the Village of Canton responding to an order dispatching him to the scene of an injury at a local school. The siren on his vehicle was turned on and the red light was flashing. He approached

a group of four vehicles proceeding in the same direction and, after passing two of them, the third vehicle turned left in front of him, causing his right front fender to come into contact with the left rear fender of a van operated by Charles L. Ward, owned by Lease Plan, Inc., and leased to Ward's employer, National Cash Register. As a result of the accident, plaintiff sustained a sprain of the neck and consulted Dr. Lester Millard, an osteopath, on March 26, 1973. No treatment was ordered but plaintiff remained home for eight days and then returned to full-time normal duty. He was under medical care until mid-July when he was discharged by Dr. Millard after having been free of pain for a two-week period. His next visit to Dr. Millard was a year and a half later on January 27, 1975. There were other visits on September 5, 1975, October 11, 1976, May 27, 1977, September 26, 1977 and November 8, 1977. The last visit was solely for evaluation purposes at the time of the trial. Although plaintiff testified that these later visits were precipitated by other incidents, the doctor concluded that the physical ailments he found on these subsequent occasions were a direct consequence of the original accident of March 22, 1973. After trial, a jury returned a verdict in plaintiff's favor in the sum of $25,000 which represented damages for personal injuries and increased costs sustained by plaintiff in the operation of his part-time snowmobile business. On this appeal, defendants contend that (1) the verdict was excessive; (2) it was error to permit proof of an increase in plaintiff's business costs; (3) the proof of medical causation was insufficient; (4) it was error to permit plaintiff to amend his bill of particulars at the time of trial, and (5) plaintiff should not have been accorded the privileges of an emergency vehicle at the time of the accident under section 1104 of the Vehicle and Traffic Law. In our view, there is no reason to interfere with the finding of the jury on the issue of negligence. The circumstances under which plaintiff operated his vehicle entitled him to the privileges given an operator of an "authorized emergency vehicle" (Vehicle and Traffic Law, § 1104). His speed of 40 m.p.h. and his manner of operation were not in "excess of reasonableness under the circumstances" (Stanton v State of New York, 29 AD2d 612, 613, affd 26 NY2d 990) and he possessed sufficient information to believe the existence of an emergency to which he was responding. Nor do we find any error in permitting plaintiff to amend his bill of particulars at trial. In the absence of prejudice to the defendant, the motion should be freely granted (Kerlin v Green, 36 AD2d 892; Lukaris v Harrison Vending Systems, 28 AD2d 1019). However, we do find the verdict to be excessive. This conclusion is compelled upon a careful analysis of the medical evidence. It was, to say the least, contradictory. And, since the only medical evidence offered was supplied by the one witness for the plaintiff, careful scrutiny is mandated. Upon such examination, we conclude that the record does not disclose evidence of a causal relationship between the accident of March 22, 1973 and the physical ailments and disability suffered by plaintiff at the time of trial within *a reasonable degree of medical certainty.* Not only does Dr. Millard fail to find such a connection when testifying with respect to plaintiff's visits on January 27, 1975, September 5, 1975, October 11, 1976 and May 27, 1977, but when he finally found such a relationship after the visits on September 26, 1977 and November 8, 1977, it was only with *"a degree of medical certainty."* This is not the test. In relating a present condition with a previous injury, the medical evidence submitted to establish such a causal relationship must be with a reasonable degree of medical certainty (see *Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 148; *Matter of Benenati v Tin Plate Lithographing Co.,* 29 AD2d 805; Fisch, Evidence [2d ed], § 430).

Absent such a reasonable basis for the opinion, it lacks probative force and borders on mere speculation (see *Putnam v Stout,* 46 AD2d 812, affd 38 NY2d 607). Since there is no acceptable factual basis to support the monetary award of the jury, there should be a reversal and a new trial.