■ In the Matter of THOMAS P. JUUL, Respondent, v BOARD OF EDUCATION OF THE HEMPSTEAD SCHOOL DISTRICT No. 1, HEMPSTEAD, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education of the Hempstead School District No. 1 to grant petitioner tenure, the appeal is from a judgment of the Supreme Court, Nassau County, dated September 10, 1979, which, *inter alia,* granted the petition and adjudged that petitioner had acquired tenure in his position. Judgment reversed, on the law, with $50 costs and disbursements, and proceeding dismissed on the merits. In July, 1975 petitioner was appointed to a probationary position as a librarian-media specialist by the appellant board, to be effective on September 1, 1975. In June, 1978 petitioner was notified by the appellant superintendent of schools that he intended to recommend to the board that petitioner be granted tenure. It then appears that one of the board members questioned the superintendent about his intention, in light of the fact that two of the petitioner's supervisors had criticized his performance as being unsatisfactory. Thereafter petitioner requested a meeting with the members of the board. At this meeting petitioner asserted that the evaluations he received were flawed and biased. It is alleged that on August 16, 1978 petitioner was contacted by the assistant superintendent of schools and was informed that the board was willing to reconsider the matter and grant petitioner an additional year of probation, if the petitioner was willing to waive his tenure rights. Thereupon petitioner executed the following document:

"Board of Education
Hempstead School District　　　　　* * *

"As you know, my probationary period as a teacher in the Hempstead School District will expire September 1, 1978. I have been advised that the Board of Education intends to deny tenure to me.

"In lieu of the Board taking such action, I agree that my probationary period shall be extended for a period of one year until September 1, 1979. I agree that I will not claim tenure by estoppel arising by virtue of my employment at Hempstead School District beyond September 1, 1978, and I agree that at the end of such additional one year period, the Board may either grant or refuse me tenure with the same consequences and exactly in the same manner as if such action took place now.

Thomas P. Juul
THOMAS JUUL".

In March, 1979 petitioner was notified in writing by the superintendent

that he intended to recommend to the board at its next regular meeting in May, 1979, that petitioner be denied tenure. By service of an order to show cause and petition dated May 1, 1979, petitioner commenced the instant proceeding. Special Term determined that the agreement between the parties was a nullity, granted the petition and adjudged that petitioner had acquired tenure by virtue of his continued employment beyond the statutory probationary period. We disagree and hold that under certain circumstances a probationary teacher who is aware that a board of education intends to deny him tenure, may validly waive his right to tenure and be employed for an additional year without acquiring tenure as a *quid pro quo* for re-evaluation and reconsideration of the tenure determination at the end of the extra year. Section 3012 of the Education Law does not contain a provision which would prevent a probationary teacher from knowingly and voluntarily waiving the three-year probationary period and embodied therein. Although there is language in some cases to the effect that the three-year probationary period for teachers cannot be extended or waived (see, e.g., *Matter of Dwyer v Board of Educ.,* 61 AD2d 859; *Matter of Baer v Nyquist,* 71 Misc 2d 471, 472, affd 40 AD2d 925, affd 34 NY2d 291), these cases predate two recent decisions which compel a contrary conclusion. In the first case it was held that a tenured teacher may, as part of a stipulation in settlement of a disciplinary proceeding, waive his right to the protections afforded tenured teachers under section 3020-a of the Education Law *(Matter of Abramovich v Board of Educ.,* 46 NY2d 450, cert den 444 US 845). More recently, it has been held that a prospective teacher may waive the right to be appointed to a three-year probationary period in a tenure bearing position *(Matter of Feinerman v Board of Coop. Educational Servs. of Nassau County,* 48 NY2d 491). What may be distilled from these decisions is that the public policy of this State is not violated by certain knowing and voluntary waivers of the protections afforded by the Education Law. In *Matter of Ambramovich v Board of Educ. (supra),* the waiver was a *quid pro quo* for countervailing benefits. So too, here, as a result of the agreement, petitioner was afforded an additional opportunity to demonstrate his competence as a teacher rather than be dismissed. In return, he voluntarily agreed to forego any claim to tenure by virtue of his employment beyond the original probationary period (cf. *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774, affg 50 AD2d 24). Accordingly, we conclude that in these circumstances, petitioner's open, knowing and voluntary waiver is valid and should be enforced. We note, further, that the present record clearly establishes that the expressed intention of the board to deny petitioner tenure in 1978 was reached and communicated to the petitioner in good faith. In short, the present record being devoid of any indication of coercion or bad faith, we have concluded that petitioner's waiver should be considered valid and enforceable. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.