■ In the Matter of JOSEPH MILLER, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the New York State Department of Correctional Services to reinstate petitioner to employment as a corrections officer, the appeal is from a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered February 2, 1981, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, petition granted, and respondents are directed to reinstate petitioner, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received during the period of his discharge. In January, 1979, disciplinary proceedings were commenced by the respondent New York State Department of Correctional Services (hereinafter the Department) against petitioner, who was at that time a corrections officer at the Bedford Hills Correctional Facility. The "notice of discipline" proposed a penalty of dismissal for various alleged infractions. Petitioner filed a "disciplinary griev-ance" pursuant to article 8 of the labor agreement entered into between the State of New York and Security Unit Employees Council 82, the union which represents corrections officers (hereinafter the Union). At petitioner's request, he was represented in his grievance by a Union employee. Pending arbitration of the dispute, pursuant to article 8 of the labor contract, settlement negotiations commenced between the Department and the Union. The Department proposed that petitioner lose five days' accrued leave and that he be placed on "disciplinary evaluation" for 12 months in return for a withdrawal of the charges. It appears that "disciplinary evaluation" is a status that has been developed by the Department and the Union over the years as a resolution to disciplinary cases and as an alternative to dismissal of an employee. A basic provision of this status is that the person continues as an employee of the Department, subject to future dismissal if, during the period of the "discipli-nary evaluation", the Department deems his work unsatisfactory. A decision to dismiss made by the Department within the period is unappealable. The Union employee representing petitioner telephoned petitioner, orally informed him of the offer, and explained to him what a "disciplinary evaluation period" entailed. According to the Union representative, petitioner told him that the settlement was agreeable. The Union employee informed officials of the Department of petitioner's acquiescence in the settlement. A confirming letter dated April 12, 1979 was then sent by the Department to the executive director of the Union. A copy was not sent to petitioner. The letter, in part, reads as follows: "Effective this date, Mr. Miller [petitioner] will serve a 12 month disciplinary evaluation period during which time his services may be termi-nated without further appeal should the Department of Correctional Services determine his work performance to be unsatisfactory." It is undisputed that petitioner never signed any document purporting to contain the settlement provisions, despite such a requirement in section 8.3 of the contract. According to testimony of officials from both the Department and the Union, the signa-ture requirement of the contract had been modified by the custom and practice of the Department sending a conforming letter to the Union, containing the terms of the settlement. By letter dated January 8, 1980, petitioner was

informed by the Department that, pursuant to petitioner's "disciplinary evaluation" status, he was dismissed effective that date for unsatisfactory work performance. Since that status precluded procedural recourse through article 8 of the contract, petitioner commenced this proceeding. Petitioner claims that he never agreed to the 1979 settlement, that he knew nothing of the "disciplinary evaluation", and that his termination without recourse violated the labor contract and due process. A hearing was held to determine the nature of the settlement and whether petitioner had agreed to it. Special Term (Daronco, J.) found that the Union employee had indeed informed petitioner over the telephone of the nature of the proposed settlement, and that petitioner had "agreed with and adopted" its terms. On this finding, the petition was dismissed (Beisheim, J.). It is now well settled that a public employee "may, as part of a stipulation in settlement of a disciplinary proceeding brought against him, waive his or her continued right to the protections afforded" him or her by law (*Matter of Abramovich v Board of Educ.*, 46 NY2d 450, 452, cert den 444 US 845; cf. *Matter of Feinerman v Board of Coop. Educational Servs. of Nassau County*, 48 NY2d 491; *Matter of Juul v Board of Educ.*, 76 AD2d 837, affd 55 NY2d 648). The implementation of a "disciplinary evaluation period" is not, per se, repugnant to public policy or the law. The only proviso is that the employer act in good faith, and that the employee's waiver of continuing and future benefits or protections be "open, knowing and voluntary" (*Matter of Juul v Board of Educ.*, 76 AD2d 837, 838, *supra*). As a finding of fact, we hesitate to disagree with Special Term's conclusion that petitioner "agreed with and adopted" the waiver of procedural recourse in the event of future dismissal. The question remains, however, whether petitioner's acquiescence should be enforced when it was orally made over the telephone and is not evidenced either by a writing or by oral statements made on a hearing record (cf. *Matter of Dolgin Eldert Corp.*, 31 NY2d 1). We are of the view that it should not be enforced. We would note that the contract (§ 8.3) expressly provides that an employee must execute a writing representing the terms of any settlement of a disciplinary dispute. The need for a formal waiver of procedural due process protection is necessary in order to insure that substantial rights are not carelessly abrogated (cf. *Board of Regents v Roth,* 408 US 564). A waiver such as this should not be "implied or presumed" (*Matter of Feinerman v Board of Coop. Educational Servs. of Nassau County,* 48 NY2d 491, 497, *supra*), but should be "open" (*Matter of Juul v Board of Educ.,* 76 AD2d 837, 838, *supra*). In *Juul* and *Feinerman* (*supra*), the waivers were evidenced by the petitioners' own signatures. In *Matter of Abramovich v Board of Educ.* (46 NY2d 450, 456, 457, *supra*), the Court of Appeals "emphasize[d]" that "the hearing officer painstakingly and in no uncertain terms inquired not only into the petitioner's understanding of [the settlement's] precise conditions but also as to his grasp of the nature and extent of the rights he was waiving." We conclude that in the circumstances of this case, petitioner's waiver should not be enforced. Testimony of petitioner's oral acquiescence to the terms of the settlement is not legally sufficient to establish a binding waiver of his right to continued and future procedural protections. Damiani, J. P., Titone, Thompson and Bracken, JJ., concur.