**Jan S. PRESTOPNIK, Plaintiff–Appellant,**

v.

**John WHELAN, both individually and as Superintendent of the Greater Johnstown School District, Kathleen A. Sullivan, both individually as Assistant Superintendent of the Greater Johnstown School, James Hillier, both individually and as President of the Board of Education of the Greater Johnstown School, Sharon Ritzmann, both individually and as former President of the Board of Education of the**

Greater Johnstown School, Jane Doe number one and The Greater Johnstown School District, Defendants–Appellees.

No. 06–3186–cv.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

John Poklemba, Poklemba & Hobbs, LLC, (Gary C. Hobbs, on the brief), Saratoga Springs, N.Y., for Plaintiff-appellant.

Patrick J. Fitzgerald, Girvin & Ferlazzo, Albany, for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Jan Prestopnik ("Appellant") appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.* ) granting summary judgment in favor of Defendants–Appellees on the ground that, as a matter of law, Defendants–Appellees did not violate Appellant's right to equal protection in refusing to grant her tenure. We assume the parties' familiarity with the facts and procedural history of the case.

■ We note first that neither res judicata nor collateral estoppel bars Appellant from litigating her equal protection claims in this court. Appellant did bring an Article 78 proceeding in the New York State Supreme Court, raising claims arising out of the same set of facts as those in the instant case. But that court explicitly noted that it made no findings as to the constitutionality of the School District's tenure decision; it found only that the decision was not arbitrary and capricious. Furthermore, it is clear that Appellant could not have litigated her equal protection claims in the New York State Supreme Court because damages for civil rights violations may not be recovered in an Article 78 proceeding. *Davidson v. Capuano,* 792 F.2d 275, 278 (2d Cir.1986). Since Appellant did not have a "full and fair opportunity" to litigate her constitutional claims, she is not precluded from raising them in this action. *Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir.1998).

We review a district court's grant of summary judgment *de novo,* utilizing the same standard as the district court. "[S]ummary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York,* 132 F.3d 145, 149 (2d Cir. 1998); Fed.R.Civ.P. 56(c). A fact is material if it would "affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a "genuine issue" exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor. *Guilbert v. Gardner,* 480 F.3d 140, 145 (2d Cir.2007). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir. 1987). However, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial and cannot defeat a motion for summary judgment." *Salahuddin v. Goord,* 467 F.3d 263, 281 (2d Cir.2006).

■ "The Equal Protection Clause requires that the government treat all similarly situated people alike." *Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 499 (2d Cir.2001). While this clause "is most commonly used to bring claims alleging discrimination based on membership in a protected class," it may also be used to bring a "class of one" equal protection claim. *Neilson v. D'Angelis,* 409 F.3d 100, 104 (2d Cir.2005); *see also Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). In a "class of one" case, the plaintiff uses "the existence of persons in similar circumstances who received more favorable treatment than the plaintiff ... to provide an inference that the plaintiff was intentionally

singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Neilson,* 409 F.3d at 105.

To prevail on a "class of one" equal protection claim, the plaintiff "must demonstrate that [she was] treated differently than someone who is *prima facie* identical in all relevant respects." *Neilson,* 409 F.3d at 104 (quoting *Purze v. Vill. of Winthrop Harbor,* 286 F.3d 452, 455 (7th Cir. 2002)). This requires a showing that the level of similarity between the plaintiff and the person(s) with whom she compares herself is "extremely high"—so high (1) that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy," and (2) that "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Neilson,* 409 F.3d at 104–05. The plaintiff must also show that the defendant intentionally treated her differently, with no rational basis. *Olech,* 528 U.S. at 564, 120 S.Ct. 1073; *Neilson,* 409 F.3d at 105.[1]

In Appellant's Amended Complaint, the only comparator she names is a teacher who, prior to being tenured by the School District, was subject to a complaint of improper conduct. The circumstances of Prestopnik and those of the proposed comparator were not, however, *prima facie* identical in all relevant respects. First, the parental complaint against the proposed comparator was submitted to the School District when the School District had time to investigate the complaint and determine it to be unfounded—all before having to review the proposed comparator's tenure application. In the two years between that incident and the proposed comparator's tenure review, no further complaints were lodged. The alleged complaints against Appellant, by contrast, did not come to the Board's attention until the meeting at which the Board considered her tenure application. This left the Board very little time to investigate before reaching a final decision. The simple fact that the complaints against Appellant were pending rather than resolved makes Appellant and the proposed comparator different in a highly relevant respect. That was enough to justify the dissimilar treatment accorded them.[2]

---

1. In past decisions we have also required a showing that the alleged selective treatment "was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *LaTrieste Rest. & Cabaret, Inc. v. Vill. of Port Chester,* 40 F.3d 587, 590 (2d Cir. 1994). We have since suggested, however, that *Olech* might be read to eliminate any requirement of malice or bad faith in "class of one" cases, *Harlen Assocs. v. Inc. Vill. of Mineola,* 273 F.3d 494, 499–500 (2d Cir. 2001), and in a recent "class of one" case we did not include that requirement when stating the standard of law, *see Clubside, Inc. v. Valentin,* 468 F.3d 144, 159 (2d Cir.2006). But we need not resolve any possible tensions between *LaTrieste* and *Olech* and its progeny today, as doing so would not affect the outcome of this appeal.

2. In this respect we note that after the Board's February/March 2002 meeting, when the Board decided not to grant Appellant tenure, the School District offered Appellant a contract called a "Juul agreement," *see Juul v. Bd. of Educ.,* 76 A.D.2d 837, 428 N.Y.S.2d 319 (N.Y.App.Div.1980), which would have guaranteed Appellant another year of teaching in the School District. It also would have given the Board time to resolve any outstanding concerns it had before reaching its ultimate decision regarding Appellant's tenure application. Plaintiff rejected the School District's offer.

214

■ Appellant argues that the aforementioned teacher was not the only possible comparator: the district court should have analyzed whether she was treated differently from *all* of the other candidates for tenure in Greater Johnstown School District, regardless of whether those candidates were the subject of parental concerns. But there is not enough evidence in the record to support the conclusion— necessary to sustain a "class of one" equal protection claim—that Plaintiff's circumstances are " *'prima facie* identical'" to those of all other candidates for tenure " 'in all relevant respects.'" *Neilson,* 409 F.3d at 104 (quoting *Purze,* 286 F.3d at 455). Plaintiff does not provide us with other teachers' names or backgrounds, nor does she tell us what the tenure review process entailed for these unnamed others. Since differences among teachers could easily and properly have been relevant to the School District's tenure decisions, *see Zahorik v. Cornell Univ.,* 729 F.2d 85, 92 (2d Cir.1984), a court must know more about the comparator teachers before it can conclude, as Appellant would have us do, that the School District had no rational basis for the alleged differences in treatment. *Cf. Maulding Dev., LLC v. City of Springfield,* 453 F.3d 967, 971 (7th Cir. 2006) (dismissing a plaintiff's "class of one" equal protection claim because, after claiming that the city treated him differently from all other developers, he "introduces no evidence regarding any of the other developers," leaving the court with "no evidence whatsoever to make such a comparison").

Since we find that summary judgment in favor of the Appellees was appropriately granted, we do not consider the individual Appellees' claims of qualified immunity.

We have considered all of Appellant's claims and find them without merit. The judgment of the district court is therefore AFFIRMED.