# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1064**
**CA 12-00050**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF KIMBERLY MARSHALL,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

PITTSFORD CENTRAL SCHOOL DISTRICT, BRENT
KECSCKEMETY, EDMUND STAROWICZ, JR., RAY
BROWN, KIM MCCLUSKI, IRENE FELDMAN NAROTSKY,
ALKA PHATAK, PETER SULLIVAN AND MARY ALICE
PRICE, SUPERINTENDENT, RESPONDENTS-RESPONDENTS.

---

VAN LOON MENARD, ROCHESTER (NATHAN A. VAN LOON OF COUNSEL), FOR
PETITIONER-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (DAVID J. EDWARDS OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), entered October 5, 2011 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is affirmed without costs.

Memorandum: Petitioner appeals from a judgment that granted respondents' motion to dismiss her petition, in which she alleged that she is entitled to tenured status as a teacher with respondent Pittsford Central School District (PCSD) and reinstatement as an employee. We affirm.

Petitioner was hired as a probationary fourth grade teacher with PCSD in September 2007, with the expectation that her probationary period would last for three years. At the end of her third probationary year, however, petitioner was informed that she would not be recommended to the Board of Education of PCSD (Board) for tenure. In lieu of termination, petitioner entered into a *Juul* agreement with PCSD (*see Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1*, 76 AD2d 837, 838, *affd for reasons stated* 55 NY2d 648, 649), which granted her a fourth probationary year in exchange for the waiver of her right to a claim of tenure by estoppel. The *Juul* agreement was signed by petitioner, the Pittsford District Teacher's Association (PDTA) president, and respondent Mary Alice Price, the PCSD Superintendent (Superintendent). The agreement was neither

presented to nor ratified by the Board.  Toward the end of her fourth probationary year, petitioner was again informed by the Superintendent that she would not be recommended for tenure, and she was further informed that her appointment as a probationary teacher with PCSD would end on June 30, 2011.  The Board subsequently voted to deny petitioner tenure, and petitioner's service as a probationary teacher ended on or about June 30, 2011.  Petitioner thereafter commenced this CPLR article 78 proceeding seeking, inter alia, reinstatement as an employee teacher with PCSD with tenure, and judgment "declaring" that she has tenure with PCSD.

We note at the outset that this is properly only a proceeding pursuant to CPLR article 78 rather than a hybrid declaratory judgment action/CPLR article 78 proceeding "inasmuch as petitioner does not 'challenge the constitutionality of any statutes or regulations' " (*Matter of Zehner v Board of Educ. of Jordan-Elbridge Cent. School Dist.*, 91 AD3d 1349, 1349).  Thus, Supreme Court properly limited its determination to whether the PCSD's action to deny tenure was made in violation of lawful procedure, or was arbitrary and capricious or an abuse of discretion.

Although we agree with petitioner that a *Juul* agreement not approved by a school board is an impermissible abdication of a school board's responsibility to act as trustee (*see* Education Law § 1710) and manager (*see* § 1804 [1]) of the school district, we nevertheless agree with respondent that petitioner is equitably estopped from disaffirming the agreement despite the Board's failure to authorize or ratify it.  "Equitable estoppel 'is imposed by law in the interest of fairness to prevent the enforcement of rights which would work a fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought' " (*Syracuse Orthopedic Specialists, P.C. v Hootnick*, 42 AD3d 890, 893, quoting *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184, *rearg denied* 57 NY2d 674).  Although the applicability of equitable estoppel " 'is ordinarily a question of fact for trial' " (*id.*), under these circumstances, the applicability of that doctrine can be resolved as a matter of law.

The Education Law requires that a superintendent make a recommendation to a board of education as to whether to appoint on tenure a teacher who reaches the expiration of his or her probationary term (*see* § 3012 [2]), and "[t]he board of education may not grant tenure in the absence of a positive recommendation of the Superintendent" (*Matter of Yanoff v Commissioner of Educ. of State of N.Y.*, 66 AD2d 910, 920, *lv denied* 47 NY2d 711).  Here, the Superintendent unequivocally stated that she did not intend to recommend petitioner for tenure at the end of her third probationary year based on petitioner's evaluations and input from the Principal. Thus, in place of a recommendation by the Superintendent to the Board that petitioner be denied tenure, the parties entered into the *Juul* agreement.  The agreement expressly provides that "the Superintendent . . . has informed [petitioner] that she will not be recommended for tenure at the end of her probationary period (June 30, 2010); and . .

. the Superintendent has informed [petitioner] that she is willing to recommend an extension of her probationary period for one year." The agreement further provides that petitioner "accepts the extension of her probationary period until June 30, 2011," and that she "agrees that she waives any right to claim status as tenured teacher by estoppel, acquiescence or any other reason as a result of this extension." We cannot agree with our concurring colleague that the *Juul* agreement is an employment contract. An employment contract typically would include terms of employment, including compensation (*see generally* Education Law § 3011 [1]). Instead, we conclude that petitioner's "waiver [of her right to a claim of tenure] serves as the quid pro quo for countervailing benefits" (*Matter of Abramovich v Board of Ed. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455, *rearg denied* 46 NY2d 1076, *cert denied* 444 US 845; *see Juul*, 76 AD2d at 838), i.e., " 'something for something' " (Black's Law Dictionary 1367 [9th ed 2009]). Rather than setting forth the terms of employment, the agreement provides only that petitioner waived a tenure right in exchange for a fourth probationary year to "demonstrate [her] competence as a teacher rather than be dismissed" (*Juul*, 76 AD2d at 838).

" 'Parties cannot accept benefits under a contract fairly made and at the same time question its validity' " (*R.A.C. Holding v City of Syracuse*, 258 AD2d 877, 878, quoting *Svenska Taendsticks Fabrik Aktiebolaget v Bankers Trust Co.*, 268 NY 73, 81). Inasmuch as the record establishes that the *Juul* agreement was fairly made, we conclude that petitioner is estopped from challenging its validity, including the waiver of her right to tenure by estoppel contained therein (*see id.*; *see also Lordi v County of Nassau*, 20 AD2d 658, 659-660, *affd* 14 NY2d 699; *Kaminsky v Herrick, Feinstein LLP*, 59 AD3d 1, 13, *lv denied* 12 NY3d 715).

We have reviewed the remaining contentions of the parties and conclude that they are without merit.

All concur except FAHEY, J., who concurs in the result in the following Memorandum: I respectfully concur in the result reached by the majority, namely, the affirmance of the judgment granting respondents' motion to dismiss the petition. I agree with petitioner and the majority that a *Juul* agreement (*see Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1*, 76 AD2d 837, 838, *affd for reasons stated* 55 NY2d 648, 649) not approved by a school board is an impermissible abdication of a school board's responsibility to act as trustee (*see* Education Law § 1710) and manager (*see* § 1804 [1]) of the school district. I write separately, however, because unlike the majority I conclude that a *Juul* agreement is an employment contract and should be characterized as such.

The agreement at issue here had a distant genesis in the agreement before the Second Department and the Court of Appeals in *Juul*. There, a teacher nearing the end of his probationary period was offered an additional year of probation by the school board in exchange for his agreement to waive his tenure rights (*id*. at 837).

The teacher signed an agreement that, according to the record on appeal in *Juul*, was approved by the school board, and during the next school year the teacher was informed by the district superintendent of that administrator's intent to recommend that the teacher be denied tenure (*id.* at 837-838).

The teacher subsequently commenced a CPLR article 78 proceeding contending that the subject agreement was a nullity. The Second Department rejected that contention, concluding that "under certain circumstances a probationary teacher who is aware that a board of education intends to deny him tenure[] may validly waive his right to tenure and be employed for an additional year without acquiring tenure as a *quid pro quo* for reevaluation and reconsideration of the tenure determination at the end of the extra year" (*id*. at 838). The Second Department determined that, "in [those] circumstances, [the teacher's] open, knowing and voluntary *waiver* is valid and should be enforced" (*id.* [emphasis added]; *see Matter of Feinerman v Board of Coop. Educ. Servs. of Nassau County*, 48 NY2d 491, 496-497 [holding that a probationary teacher may waive an expectation of tenure]), and the Court of Appeals subsequently affirmed for reasons stated at the Second Department (55 NY2d 648).

Although the Education Law does not define an employment contract (*see* § 2), Education Law § 3011 (1) supports respondents' position that the *Juul* agreement is not an employment contract because it describes some of the terms of an employment contract, and the agreement at issue does not address all of those terms. Section 3011 (1) concerns the employment of teachers and requires a school board employing a teacher to cause a written contract to be made with that teacher "detail[ing] the agreement between the parties, and particularly *the length of the term of employment, the amount of compensation and the time when such compensation shall be due and payable*" (emphasis added). The agreement at issue considers an extension of petitioner's probationary period, but does not address any issue of petitioner's compensation.

The fact remains that the obvious and direct effect of the agreement at issue was to secure and extend petitioner's employment with respondent Pittsford Central School District (PCSD), and I thus conclude that it is an employment contract that includes a waiver. As a practical matter, based on the intent of respondent Mary Alice Price, the PCSD superintendent (Superintendent), not to recommend petitioner for tenure at the end of petitioner's third probationary year, petitioner would have been terminated had she not signed the agreement at issue (*see Matter of Yanoff v Commissioner of Educ. of State of N.Y.*, 66 AD2d 919, 920, *lv denied* 47 NY2d 711 ["(T)he board of education may not grant tenure in the absence of a positive recommendation of the Superintendent"]; *see also* Education Law § 3031).

Like the majority and as noted, I further conclude that a *Juul* agreement not approved by a school board is an impermissible abdication of a school board's responsibility to act as trustee (*see* Education Law § 1710) and manager (*see* § 1804 [1]) of the school

district.  It is beyond the power of a board of education to surrender those duties conferred upon it by the Education Law (*see e.g. Board of Educ., Great Neck Union Free School Dist. v Areman*, 41 NY2d 527, 533 [recognizing that "a board of education has the right to inspect teacher personnel files and has no power to bargain away such right"]; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.*, 40 NY2d 774, 777 ["(T)he authority and responsibility vested in a school board under the several provisions of the Education Law to make tenure decisions cannot be relinquished"]), and contracting with and employing teachers is one of the powers of a board of education (*see* § 1709 [16]).

During a probationary period, a teacher is an at-will employee whose services may be terminated at any time (*see Haviland v Yonkers Pub. Schools*, 21 AD3d 527, 529).  Pursuant to the Education Law, however, the termination of such an employee is contingent upon the recommendation of the superintendent (*see* § 3012 [1] [a] ["The service of a person appointed to (a probationary position referenced in that section) may be discontinued at any time during such probationary period, *on the recommendation of the superintendent of schools, by a majority vote of the board of education or the trustees of a common school district*" (emphasis added)]; *Appeal of Janes*, 33 Ed Dept Rep 6 [Decision No. 12,957] ["Education Law § 3012 provides that the services of a probationary teacher may be discontinued at any time during the probationary appointment *upon recommendation of the superintendent*" (emphasis added)]).  Here, through the agreement at issue the Superintendent granted petitioner an extra year of probation at the conclusion of her appointed probation period of three years without the knowledge and approval of the Board and without taking a position before the Board on her tenure status (*compare* § 3012 [1] [a] [providing for a three-year probationary period] *with* § 3012 [2] [requiring the superintendent to recommend or deny tenure "(*a*)*t the expiration of the probationary term of a person appointed for such term*" (emphasis added)]).  In doing so, the Superintendent effectively denied the Board, i.e., the body that controls the employment of teachers, the opportunity to determine whether to override the Superintendent's recommendation to extend petitioner's probationary appointment and continue its investment in petitioner as a probationary employee, or to deny petitioner tenure at that juncture and pursue other means of filling her position.

Put differently, when the three-year probationary period to which petitioner was entitled under Education Law § 3012 (1) (a) expired, the Superintendent, not the Board, made the decision to lengthen the probationary period and employ petitioner for a fourth year.  I conclude that the administrative handling and approval of a *Juul* agreement is contrary to the Education Law's proviso that "[t]he . . . board of education of every union free school district shall have power, and it shall be its duty . . . [t]o contract with and employ such persons as by the provisions of this chapter are qualified teachers" (§ 1709 [16]).  To hold otherwise would countenance the usurpation of the power of an elected body by the bureaucracy that it is intended to supervise.

Having concluded that the agreement at issue is an employment contract, I now turn to respondents' contention that petitioner is estopped from disaffirming it despite the Board's failure to authorize or ratify it.  " '[T]he doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances' " (*Townley v Emerson Elec. Co.*, 269 AD2d 753, 753-754), and " '[e]stoppel is ordinarily a question of fact for trial' " (*Syracuse Orthopedic Specialists, P.C. v Hootnick*, 42 AD3d 890, 893).  Under these circumstances, however, the issue of the applicability of the doctrine of equitable estoppel can be resolved as a matter of law against petitioner for the reasons set forth by the majority.

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court