12-3227-cv
Douglass v. Rochester City Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand thirteen.

PRESENT:   RALPH K. WINTER,
                      REENA RAGGI,
                                  *Circuit Judges*,
                      BRIAN M. COGAN,
                                  *District Judge.*[*]

------------------------------------------------------------------------
GRACE O. DOUGLASS,

                                  *Plaintiff-Appellant*,


                      v.                                                    No. 12-3227-cv

ROCHESTER CITY SCHOOL DISTRICT, SAMUEL RODRIGUEZ, CORNELIUS ZWIERLEIN, CONNIE LEECH,

                                  *Defendants-Appellees*.
------------------------------------------------------------------------

FOR APPELLANT:              Christina A. Agola, Esq., Rochester, New York.

------------------------------------

[*] Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEES:                    Edwin Lopez-Soto, Cara M. Briggs, Esqs., Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 6, 2012, is AFFIRMED.

Plaintiff Grace Douglass, a former probationary athletic director with the Rochester City School District, appeals from an award of summary judgment in favor of defendants on Douglass's federal and state law claims of retaliation and a racially and sexually hostile work environment, see 42 U.S.C. §§ 1981, 2000e et seq.; N.Y. Exec. Law § 290 et seq. Because the applicable legal standards are essentially the same, see Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010); Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004), we need not discuss the federal and state claims separately. We will uphold the challenged award of summary judgment only if the record, reviewed de novo in the light most favorable to the non-moving party, reveals "no genuine dispute as to any material fact" and the movant's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); see Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons set forth in the district court's well-reasoned opinion. See Douglass v. Rochester City Sch. Dist., 873 F. Supp. 2d 507 (W.D.N.Y. 2012).

1. <u>Hostile Work Environment Claim</u>

Douglass submits that judgment should not have been entered in favor of defendants because she has stated a hostile work environment claim sufficient to survive a motion for judgment on the pleadings. While such a showing might be sufficient to defeat a motion pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c), on a Rule 56(a) motion, the district court correctly required Douglass to adduce admissible evidence showing that her workplace was so "permeated with discriminatory intimidation, ridicule, and insult . . . as to alter the conditions of [her] employment." <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993) (internal quotation marks omitted); <u>accord</u> <u>Petrosino v. Bell Atl.</u>, 385 F.3d 210, 223 (2d Cir. 2004). Douglass's conclusory assertions that she was targeted by various supervisory officials on the basis of race and gender, which she claims the district court ignored, cannot satisfy this requirement. <u>See</u> <u>Major League Baseball Props., Inc. v. Salvino, Inc.</u>, 542 F.3d 290, 310 (2d Cir. 2008). As for her allegations of mistreatment by defendant Rodriguez—including addressing her discourteously, denying her requests for athletic and other equipment, and excluding her from meetings—we conclude, as the district court did, that these actions do not rise to the level of altering the conditions of employment. Insofar as Douglass charges that Rodriguez once referred to parts of her anatomy in a demeaning fashion, apparently a reference to his alleged comment that Douglass "get [her] butt out there" to fill up water buckets for an opposing team during an athletic contest, even when we view this comment in the light most favorable to Douglass, it cannot be deemed sufficient to raise a triable issue on her hostile work environment claim.

3

Howley v. Town of Stratford, 217 F.3d 141 (2d Cir. 2000), cited by Douglass, warrants no different conclusion, because the record there showed that the plaintiff was subjected to an "extended barrage of obscene verbal abuse" that included profane epithets for her gender and unambiguously crude comments about her sexual prowess, id. at 148; see also Petrosino v. Bell Atl., 385 F.3d at 223–24. Douglass has not adduced any comparable evidence. Nor has she demonstrated the requisite connection between Rodriguez's actions and the claimed grounds of discrimination. See Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002). While Douglass submits that such a nexus is evident from her status as "the sole African American female in the Athletic Director position," Appellant's Br. 28, the law requires more because, as we explained in Alfano, "[e]veryone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are harsh, unjust, and rude," 294 F.3d at 377.

Accordingly, for these reasons, as well as those stated by the district court, summary judgment was correctly awarded to defendants on Douglass's hostile work environment claim.

2.    Retaliation Claim

Douglass faults the district court's conclusion that she failed to show that she suffered an adverse employment action in response to her engaging in protected activity. We are not persuaded.

Douglass does not—and cannot—dispute that her July 14, 2008 EEOC complaint postdated both the Rochester School Superintendent's July 7, 2008 decision to recommend Douglass's termination and the negative June 20, 2008 performance evaluation prompting that decision. See Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001) (affirming summary judgment on retaliation claim where adverse job actions preceded protected activity). She nevertheless argues that her December 10, 2007 letter to a school human relations officer requesting a change in supervisor also constituted protected activity for retaliation purposes. Upon our independent review of that correspondence, we conclude, as the district court did, that while the letter characterized Rodriguez as having a brusque manner and volatile temperament, it would not have placed a reasonable employer on notice that Douglass thought the alleged mistreatment was motivated by race or gender. See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 292 (2d Cir. 1998) (requiring of protected activity that employer "understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by" anti-discrimination laws).

Nor has Douglass adduced sufficient evidence of adverse action following her EEOC charge. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006) (describing retaliatory action as that "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination"). The lack of a tenure recommendation necessarily meant that Douglass would be terminated at the end of her

5

probationary period.  See N.Y. Educ. Law § 3012; Gould v. Bd. of Educ., 81 N.Y.2d 446, 451, 599 N.Y.S.2d 787 (1993) (holding that teacher not so terminated acquires tenure by estoppel).  Thus, although she labels an offered position teaching elementary physical education "a severe demotion from Athletic Director," Appellant's Br. 21, the proper comparison is not to her prior, non-tenured employment but to unemployment.  Similarly, the school district's offer to extend Douglass's probationary period for a second time, see generally Juul v. Bd. of Educ., 76 A.D.2d 837, 838, 428 N.Y.S.2d 319 (2d Dep't 1980) (holding that employee facing tenure denial may agree to additional year of employment and "reconsideration of the tenure determination at the end of the extra year"), aff'd, 55 N.Y.2d 648 (1981), even conditioned upon the withdrawal of her EEOC charge and a release of discrimination claims, did not put her in any worse employment position than she would have been in absent the offer.  The school district was under no obligation to extend Douglass's employment as athletic director past the end of the probationary period.[1]

In any event, Douglass does not argue that the reasons given for her termination—culminating in an overall job rating of "unsatisfactory"—were a pretext for retaliatory animus.  See El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010) (affirming summary judgment on retaliation claim for lack of evidence that firing was pretextual).  Much less does she submit any evidence to support such a showing.

---

[1] Notably, Douglass does not assert a claim for discriminatory denial of tenure.

Accordingly, defendants were entitled to summary judgment on Douglass's retaliation claim.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court